Hodge v St, Eloi (2019 NY Slip Op 00100)





Hodge v St, Eloi


2019 NY Slip Op 00100


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-10006
 (Index No. 21238/13)

[*1]Anthony Hodge, et al., appellants, 
v
Kendrick L. St. Eloi, et al., respondents, et al., defendant.


William Schwitzer & Associates, P.C., New York, NY (Daniel A. Berger and Howard R. Cohen of counsel), for appellants.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated August 12, 2016. The order granted the motion of the defendants Kendrick L. St. Eloi, Generation Kia, and LI Autoworld, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Kendrick L. St. Eloi, Generation Kia, and LI Autoworld, Inc., for summary judgment dismissing the complaint is denied.
The plaintiffs, Anthony Hodge and Xavier Massard, allegedly were involved in a motor vehicle collision with the defendants Kendrick L. St. Eloi and Keith B. Hurley, Jr. (hereinafter together the individual defendants), in Brooklyn. The vehicle in which the individual defendants were riding was owned by the defendants Generation Kia (hereinafter Kia) and LI Autoworld, Inc. (hereinafter Autoworld). The plaintiffs commenced this action to recover damages for personal injuries, alleging that they each sustained injuries to the cervical regions of their spines.
St. Eloi, Kia, and Autoworld (hereinafter collectively the movants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support, the movants submitted the affirmed reports of a neurologist who examined both plaintiffs. The neurologist did not report range-of-motion measurements for either plaintiff's cervical spine. The movants further submitted the affirmed reports of a radiologist who reviewed MRI films of both plaintiffs' cervical spines that were taken shortly after the accident. The radiologist stated that each plaintiff sustained a cervical disc herniation that was caused by the accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The movants failed to meet their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The [*2]papers submitted by the movants failed to adequately refute the plaintiffs' claims, set forth in the bill of particulars, that they each sustained a serious injury to the cervical region of their spines under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
Since the movants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Therefore, the Supreme Court should have denied the motion for summary judgment dismissing the complaint insofar as asserted against the movants.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court